1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM ROUSER,                          No.  2:21-cv-2206 CKD P

12              Plaintiff,

13         v.                                   ORDER

14    KATHLEEN ALLISON, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18    1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19    636(b)(1).

20         Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                            1

1    The court is required to screen complaints brought by prisoners seeking relief against a

2    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6    The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

7    which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The

8    court will, however, grant leave to file an amended complaint.

9    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

10   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

11   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

12   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

13   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

14   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

15   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

16   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17   Additionally, plaintiff must take care to write legibly with respect to his amended

18   complaint.  The original complaint is difficult, at times impossible, to read.

19   Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

20   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

21   complaint be complete in itself without reference to any prior pleading.  This is because, as a

22   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26   Plaintiff has filed a motion which is also difficult to read, but it appears plaintiff seeks

27   preliminary injunctive relief.  In light of the fact that the court is dismissing plaintiff's complaint

28   with leave to amend, the motion will be denied without prejudice.

2

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5.  Plaintiff's December 1, 2021 "emergency motion" is denied without prejudice.

Dated:  March 8, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rous2206.14

3