UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER, | No. 2:21-cv-2206 CKD P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

   Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On March 8, 2022, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff complaint with leave to amend. Plaintiff filed his amended complaint on March 21, 2022.

   As with the original complaint, the amended complaint is difficult and at times impossible to read because of plaintiff's cramped handwriting. From the allegations that the court can decipher, the amended complaint fails to state a claim upon which relief can be granted. This being the case, the amended complaint must be dismissed. Plaintiff will be given one final opportunity to state a claim upon which relief can be granted in a second amended complaint. Obviously, if the court cannot read the contents of the second amended complaint, it will be dismissed.

////

1

1   It appears plaintiff complains about mental health treatment.  Plaintiff is informed that
2 denial or delay of medical care can violate the Eighth Amendment.  Estelle v. Gamble, 429 U.S.
3 97, 104-05 (1976).  A violation occurs when a prison official causes injury as a result of his or her
4 deliberate indifference to a prisoner's serious medical needs.  Id.

5   Plaintiff also appears to complain about the processing of a prisoner grievance.  Prisoners
6 do not have "a separate constitutional entitlement to a specific prison grievance procedure."
7 Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640
8 (9th Cir. 1988)).  Accordingly, the prison grievance procedure does not confer any substantive
9 constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally
10 do not serve as a basis for liability under section 1983.  Id.

11   As plaintiff already knows from the court's previous screening order, there can be no
12 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
13 defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).
14 Furthermore, vague and conclusory allegations of official participation in civil rights violations
15 are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16   Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
17 make plaintiff's second amended complaint complete.  Local Rule 220 requires that any amended
18 complaint be complete in itself without reference to any prior pleading.

19   In accordance with the above, IT IS HEREBY ORDERED that:

20   1. Plaintiff's amended complaint is dismissed.

21   2. Plaintiff is granted thirty days from the date of service of this order to file a second
22 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
23 of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear
24 the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure
25 to file a second amended complaint in accordance with this order will result in a recommendation
26 that this action be dismissed.

27 Dated:  March 30, 2022

28 1/rous2206.14

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE