UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-2206 CKD P<br><br><br>ORDER |

　　　　Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On March 30, 2022, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's amended complaint with leave to amend. Plaintiff filed his second amended complaint on April 8, 2022. Plaintiff presents four claims in his second amended complaint.

　　　　In his first claim, plaintiff alleges he receives less time to participate in prison programs such as group therapy as a result of discrimination based upon mental illness. There are two main problems with this claim. First, the allegations are vague as to what actions were taken by which defendants which resulted in a violation of plaintiff's rights. Plaintiff asserts several defendants denied him programing time without describing how so. It is not sufficient to say several defendants denied plaintiff programming. Plaintiff must identify how in particular each defendant denied plaintiff programming and when those actions occurred.

1    Also, plaintiff fails to point to anything suggesting he is being unlawfully discriminated
2 against because of a mental illness.  To plead an equal protection violation, plaintiff must allege
3 he has been treated differently from others with whom he is similarly-situated and that the
4 unequal treatment was the result of intentional or purposeful discrimination.  Freeman v. Arpaio,
5 125 F.3d 732, 737 (9th Cir. 1997).  Generally speaking, it is lawful to treat inmates with mental
6 illness differently in some respects than inmates who do not have mental illness as long as
7 legitimate penological interests are furthered.  See Turner v. Safley, 482 U.S. 78, 89 (1987).

8    In claim II, plaintiff asserts that he is frequently served breakfast more than 14 hours after
9 his previous meal in violation of the California Penal Code.  Plaintiff does not state a claim for
10 relief under California law as he had not pled compliance with the California Tort Claims Act.
11 See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477
12 (9th Cir. 1995).  Complaints must present facts demonstrating compliance, rather than simply
13 conclusions suggesting as much.  Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).
14 Further, plaintiff has not stated a claim arising under the Eighth Amendment for cruel and
15 unusual punishment based upon delay of breakfast.  No actionable claim is stated in plaintiff's
16 claim II.

17    Claim III concerns falsification of documents.  Plaintiff asserts this subjected him to cruel
18 and unusual punishment, but he pleads no facts suggesting as much.

19    Finally, in claim IV, plaintiff asserts certain conditions of confinement violate the Eighth
20 Amendment.  However, the allegations presented by plaintiff do not amount to cruel and unusual
21 punishment.

22    For all the foregoing reasons, plaintiff's second amended complaint must be dismissed for
23 failure to state a claim.  The court will give plaintiff one more opportunity to state a claim upon
24 which plaintiff might proceed.  The court recommends that plaintiff focus on his first claim as
25 that appears to be the only claim where plaintiff might state a claim upon which he might
26 proceed.  In order to state a claim against a particular defendant for violation of the Equal
27 Protection Clause of the Fourteenth Amendment, plaintiff must point to facts indicating what
28 /////

specific actions were taken by that defendant, that plaintiff suffered injury as a result of those actions and the actions were the result of intentional discrimination.

As plaintiff already knows, the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint."  Failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  October 11, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rous2206.14(3)

3