UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-2206 DAD CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  On October 11, 2022, the court screened plaintiff's second amended complaint as the court is required to do under 28 U.S.C. § 1915A(a).  The court dismissed plaintiff's second amended complaint with leave to amend.  Plaintiff filed his third amended complaint on October 28, 2022, and the court now screens that pleading.

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

　　　　In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause

1

of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff presents three claims in his second amended complaint. Plaintiff's allegations within those three claims are essentially the same as they were in plaintiff's prior pleadings.

In his first claim, plaintiff asserts that he has been discriminated against for mental illness in violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff alleges that beginning on April 1, 2021, until some unspecified date, he was housed in "6 Block EOP" at Mule Creek State Prison. While not entirely clear, it appears that plaintiff and the other inmates in "6 Block EOP" have unspecified mental health issues. Plaintiff alleges that, while housed in "6 Block EOP," he, and the other inmates, at times, would not have as much time to participate in prison programing as inmates housed in other buildings.

The Equal Protection Clause prohibits irrational and invidious discrimination against mentally disabled persons. Dare v. Cal., 191 F.3d 1167, 1174 (9th Cir.1999). A mentally disabled plaintiff must have been treated differently than others similarly situated, by reason of the plaintiff's mental disability. Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir.2001).

First, plaintiff does not adequately allege that he has been treated differently than those similarly situated. Plaintiff asserts inmates housed in buildings other than "6 Block EOP" received materially more access to programing than plaintiff did, but his allegations are conclusory. Essentially, plaintiff alleges that occupants of his building were often released late to
/////

programming, while occupants of other buildings were released on time, but plaintiff does not indicate how he knows that inmates in other buildings were routinely released on time.

Also, by virtue of the fact that plaintiff was housed in a building meant for inmates with mental health issues, inmates housed in other facilities are not necessarily similarly situated and plaintiff fails to point to facts suggesting the inmates are similarly situated in general terms or in specific terms as it pertains to access to prison programming.

Finally, plaintiff fails to point to anything suggesting that he was intentionally treated differently than other inmates because of a mental illness or disability.  Even assuming he did get less programming than inmates housed outside of "6 Block EOP," plaintiff fails to point to facts suggesting this was an intentional and invidious result of the treatment of his mental illness.

In claim II plaintiff asserts that he was subjected to cruel and unusual punishment because, over some unspecified period of time, his breakfasts were delayed by an hour or ninety minutes. The facts alleged do not amount to cruel and unusual punishment especially as plaintiff does not claim he was ever denied meals.

In claim III, plaintiff alleges that defendant Kasis made a false statement in the course of his investigation of a prisoner grievance filed by plaintiff, and that this violated his right to due process under the Fourteenth Amendment.  However, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id.  Claim III is not a claim upon which plaintiff can proceed.

For all of the forgoing reasons, plaintiff's third amended complaint should be dismissed for failure to state a claim upon which relief can be granted.  As for whether the court should grant leave to amend a fourth time, that appears futile especially with respect to claims II and III as described above.  As for claim I, when the court granted leave to amend a third time, the court informed plaintiff that in order to state a claim for violation of the Equal Protection Clause he had

to point to facts suggesting "he has been treated differently from others with whom he is similarly-situated and that the unequal treatment was the result of intentional or purposeful discrimination" Considering these instructions and the contents of the third amended complaint, granting leave to amend a fourth time as to claim I appears futile as well.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's third amended complaint (ECF No. 22) be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 14, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rous2206.14(4)

4