UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:21-cv-02206-DAD-CKD (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION DUE TO PLAINTIFF'S FAILURE TO STATE A CLAIM<br><br>(Doc. No. 23) |

Plaintiff William Rouser is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On March 14, 2023, the assigned magistrate judge screened plaintiff's third amended complaint ("TAC") and issued findings and recommendations recommending that this action be dismissed, without leave to amend, due to plaintiff's failure to state a cognizable claim upon which relief may be granted. (Doc. No. 23.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.* at 4.) On March 27, 2023, plaintiff filed objections to the findings and recommendations. (Doc. No. 24.) Within plaintiff's objections is a request for the appointment of counsel. (*Id.* at 3.) Plaintiff requests counsel because he is "a mental health patient" and "it is hard for him to litigate." (*Id.*)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Plaintiff's objections are difficult to decipher.  Those objections appear, however, to merely restate the allegations of plaintiff's TAC without meaningfully addressing the pleading deficiencies identified in the findings and recommendations.  For these reasons, plaintiff's objections do not provide any basis upon which to reject the pending findings and recommendations.

Furthermore, plaintiff's request for appointment of counsel is denied.  Plaintiff has not met his "burden of demonstrating exceptional circumstances."  *Jones v. Chen*, No. 1:11-cv-01762-MJS, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Being a *pro se* litigant who receives mental health treatment does not automatically entitle plaintiff to counsel; the court is regularly faced with cases filed by prisoners proceeding *pro se* while receiving mental health treatment.  *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020)[1] (affirming the district court's decision to deny the plaintiff appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants"); *Taylor v. Mimms*, No. 1:18-cv-01356-AWI-BAM, 2019 WL 6828214, at *1 (E.D. Cal. Dec. 13, 2019) ("This Court is faced with many similar cases filed by prisoners proceeding *pro se* while receiving mental health treatment almost daily.  These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.").  In this case, plaintiff claims he suffers from "deep depression, suicidal tendencies, and ADD" (Doc. No. 24 at 3), but he provides no explanation as to why those disabilities justify the appointment of counsel.  *See Ruiz v. Stane*, No. 1:22-cv-00236-HBK, 2023 WL 3324750 (E.D. Cal. Apr. 10, 2023) (denying the plaintiff's motions for appointment of counsel where he claimed "he has a mental health disability and that he has a TABE score of 0.00, but provide[d] no additional facts regarding the nature of his purported disability and why it justifies appointment of counsel").

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Accordingly,

1. The findings and recommendations issued on March 14, 2023 (Doc. No. 23) are adopted in full;
2. Plaintiff's request for appointment of counsel, which is incorporated in his objections (Doc. No. 24), is denied;
3. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 17, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3